IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMMETT SIGERS, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. 2:23-CV-172-MHT-CSC )   [WO] |
| BLAKE TURMAN, et. al., | ) ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility, brings this 42 U.S.C. § 1983 action for damages alleging violations of his constitutional rights while housed at the Covington County Jail in Andalusia, Alabama. (Doc. 1). Specifically, Plaintiff alleges that Defendants[1] failed to protect him from assault by fellow inmates and failed to ensure he received adequate medical treatment following the assault. *Id*. at 2-3. He also named as Defendants Covington County Jail, and several individuals whom he alleges were inmates at the jail, including Christopher Bush[2]. However, service upon these individuals, Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney remains unperfected. By Order, the Court informed Plaintiff of his obligation to provide addresses for these individuals and cautioned him this action would not proceed against unserved individuals. (Doc. 10). Thereafter, the court ordered Plaintiff to show cause why the unserved defendants should not be dismissed as parties to

---

[1] He names as Defendants Thomas Huggins, Captain and Blake Turman, Sheriff, each of whom has filed an Answer and Special Report, including affidavits and jail records. (Doc. 20). He also names as Defendants, Nurse Marjorie and Southern Health Partners, who also have filed an Answer and Special report, as supplemented, with attached affidavits and medical documents. (Docs. 18 and 19).

[2] Laura Hudson signed and accepted service for Christopher Bush on April 5, 2023. (Doc. 5). However, Bush has failed to respond to subsequent orders of the Court.

1


this case pursuant to Rule 4(m), Federal Rules of Civil Procedure. (Doc. 17). Plaintiff has failed to respond to these Orders.

For the following reasons, the court concludes that dismissal of Plaintiff's claims against the Covington County Jail is appropriate under 28 U.S.C. § 1915A(b)(1).[3] Further, the court concludes that the unserved individuals, Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney, should be dismissed pursuant to Federal Rule of Civil Procedure, Rule 4(m) and 28 U.S.C. § 1915A.

## II. DISCUSSION

**A. Dismissal of Jail**

Plaintiff names the Covington County Jail as a defendant. The law is settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or

---

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

be sued in the absence of specific statutory authority."). In light of the foregoing, it is clear the Covington County Jail is not a legal entity subject to suit and is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915A(b)(1).

### B. Dismissal of Unserved Defendants

Sigers' claims against Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney, should be dismissed under Federal Rule of Civil Procedure 4(m). Rule 4(m) mandates that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. Here, Sigers' 90-day time-period for serving Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney, expired on July 2, 2023. The undersigned finds nothing in the record warranting an extension of Sigers' time for serving these individuals.[1] Accordingly, Sigers' claims against Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney, should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1915A.

Alternatively, Sigers' claims against Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney should be dismissed for failure to prosecute and comply with this Court's orders. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30(1962); Federal Rule of Civil Procedure 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F. 2d 1533, 1535 (11th Cir. 1985)).

In this case, the Court repeatedly advised Sigers of his responsibility to provide a correct

3

address for service and to perfect service on all named defendants. (Docs. 10 and 17). Moreover, the Court cautioned Sigers that a failure to perfect service on a named defendant would result in a dismissal of those parties. *Id.* The undersigned finds that Sigers has willfully failed to serve Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney. Considering Sigers' disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.[4] Accordingly, Sigers' claims against Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney should also be dismissed for failure to prosecute and comply with this Court's orders.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Covington County Jail be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915A(b)(1);

2. The Covington County Jail be TERMINATED as a party; and

3. Claims against claims against Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney be DISMISSED under Federal Rule of Civil Procedure, 4(m). Alternatively, Sigers' claims against Austin Parker, Tyler Peters, Roy Hutchinson, Neal Ainsworth, and James Haney are due to be DISMISSED for failure to prosecute and comply with this Court's orders.

4. This case be referred to the undersigned for additional proceedings.

---

[4] Under the circumstances of this case, the court concludes that the running of the applicable limitation period during the pendency of this action does not warrant an extension of the time for service. *See Boston v. Potter*, 185 F. App'x 853, 854 (11th Cir. 2006) ("While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight.").

It is further

ORDERED that **on or before March 18, 2024**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**Done**, this 1st day of March 2024.

/s/ Charles S. Coody
**CHARLES S. COODY**
**UNITED STATES MAGISTRATE JUDGE**