IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EMMETT SIGERS,          ) | |
|                         ) | |
|     Plaintiff,          ) | |
|                         ) | CIVIL ACTION NO. |
|     v.                  ) | 2:23cv172-MHT |
|                         ) | (WO) |
| BLAKE TURMAN, et al.,   ) | |
|                         ) | |
|     Defendants.         ) | |

OPINION AND JUDGMENT

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility, initiated this 42 U.S.C. § 1983 action alleging violations of his constitutional rights while he was housed at Covington County Jail. Before the court is plaintiff's motion to amend and drop defendants (Doc. 25), which the court construes as a motion to dismiss his claims against defendant Marjorie Miller.[1]  In the motion, plaintiff states that defendant Miller provided him "proper medical treatment" and

---

[1]. Plaintiff also seeks to dismiss his claims against Betty Wright, L.P.N., and Chastity Lentz, L.P.N.  However, he has not previously named them as defendants, so he has no claims against them to dismiss.

seeks to have her dismissed as a defendant. Motion to Dismiss (Doc. 25) at 1. Defendants Miller and Southern Health Partners filed a response informing the court they have no objection to plaintiff's motion to dismiss Defendant Miller. *See* Response (Doc. 26). As the court is dismissing all claims against said defendant, the court can dismiss under Rule 41(a), even though the court is not dismissing the entire action. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023) ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against a particular defendant. ... [T]hat exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 & n.14 (4th ed. 2023 update).").

The court concludes that the motion is due to be granted, and that the dismissal should be without prejudice.  *See* Fed. R. Civ. P. 41(a)(2) ("Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.").[2]

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to dismiss (Doc. 25) is granted, all claims against defendant Marjorie Miller are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and defendant Miller is terminated as a party to this action.

The clerk of court is directed to enter this document on the civil docket as a final judgment as to

---

2. A voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of this court and should be granted "unless the defendant will suffer clear legal prejudice."  *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986).  Simple litigation costs, inconvenience to a defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice.  *See id.*; *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014).

defendant Miller pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is not closed and is referred back to the magistrate judge for further proceedings.

DONE, this the 10th day of July, 2024.

                             <u>/s/ Myron H. Thompson</u>
                             **UNITED STATES DISTRICT JUDGE**